IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEPHANIE L. CLIFTON                                                                 PLAINTIFF

v.                           Case No. 6:19-cv-6024

ANDREW M. SAUL, Commissioner,
Social Security Administration                                                       DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed October 8, 2019, by the Honorable Erin L. Wiedemann, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 17). Judge Wiedemann recommends affirming the ALJ's decision denying Plaintiff's claim for supplemental security income ("SSI") under the provisions of Title XVI of the Social Security Act and dismissing Plaintiff's case with prejudice. Plaintiff has filed Objections to the Report and Recommendation. (ECF No. 18). The Court finds this matter ripe for consideration.

## BACKGROUND

This case has a substantial factual background and procedural history. Rather than give an exhaustive recounting, the Court will provide only the facts relevant to the present issue.[1]

Plaintiff filed an application for SSI on April 28, 2016, alleging an inability to work since January 1, 2010, due to posttraumatic stress disorder. An administrative hearing was held on November 8, 2017. Plaintiff was present and testified. William W. Elmor, vocational expert, was also present and testified.

In a written opinion dated May 31, 2018, the ALJ found that Plaintiff had the following severe impairments: cataracts, obesity, schizoaffective disorder, anxiety, obsessive-compulsive disorder, personality and impulse control disorder, post-traumatic stress disorder, and substance abuse disorder.

---
[1] A more complete factual and procedural background can be found in Judge Wiedemann's Report and Recommendation. (ECF No. 17).

However, after reviewing the evidence in its entirety, the ALJ found Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 416. 967(b), and that she was able to see to avoid hazards in the work area. The ALJ limited Plaintiff to unskilled work and found that she could perform simple, routine, and repetitive tasks. She also found that Plaintiff could make simple work-related decisions, that interpersonal contact must be incidental to work performed, and that supervision must be simple, direct, and concrete. With the help of the vocational expert, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as a cleaner-housekeeper and a price marker. Ultimately, the ALJ concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act since April 28, 2016, the date the application was filed. Thus, the ALJ denied Plaintiff's application for SSI benefits.

Subsequently, Plaintiff requested a review of the hearing decision by the Appeals Council, which denied that request on September 18, 2018. Plaintiff filed a Petition for Judicial Review on January 22, 2019. (ECF No. 1). The Court referred this case to Judge Wiedemann for the purpose of making a Report and Recommendation.

On October 8, 2019, Judge Wiedemann entered a Report and Recommendation in this manner. Judge Wiedemann finds that the ALJ's decision is supported by substantial evidence and recommends that this case be dismissed with prejudice. (ECF No. 17). On October 22, 2019, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 18).

## LEGAL STANDARD

This Court's role is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the ALJ's decision. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).

The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Id.* As long as there is substantial evidence in the record that supports the ALJ's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security Disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(C).

To determine whether to award Social Security Disability benefits, a five-step sequential evaluation is used:

> (1) whether the claimant is presently engaged in "substantial gainful activity"; (2) whether the claimant has a severe impairment . . .; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations . . .; (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). For purposes of this evaluation, a "severe" impairment is one that significantly limits an individual's physical or mental ability to perform basic work activities. *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007); 20 C.F.R. § 404.1521(a). "The ability to do basic work activities is defined as 'the abilities and aptitudes necessary to do most jobs.'

These abilities and aptitudes include . . . capacities for seeing." *Henning v. Colvin*, 943 F. Supp. 2d 969, 990 (N.D. Iowa 2013) (internal citation omitted); 20 C.F.R. § 404.1521(b).

An RFC assessment determines the most work an individual is capable of doing despite the combined effects of their severe and non-severe impairments. *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008); *see also Draper v. Barnhart*, 425 F.3d 1127, 1131 (8th Cir. 2005) (stating that evidence of daily living, such as performing light exertional activities, watching television, and even driving, is not necessarily conclusive that an individual has the RFC to perform work). The RFC determination must consider "'all evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart*, 294 F.3d 1019, 1024 (8th Cir. 2002)).

## DISCUSSION

Plaintiff objects to the Report and Recommendation, arguing that: (1) the ALJ's RFC determination as to her physical functional limitations is unsupported by substantial evidence; (2) the ALJ's RFC determination as to Plaintiff's mental impairments is unsupported by substantial evidence; and (3) because the ALJ's RFC determination is flawed, the hypothetical question posed to the vocational expert was necessarily flawed, resulting in erroneous step-five conclusions by the ALJ. The Court addresses each of Plaintiff's arguments in turn.

### A. The RFC as to Plaintiff's Physical Limitations

The Court first addresses Plaintiff's argument that the ALJ's RFC as to her physical functional limitations is unsupported by substantial evidence.

Plaintiff first argues that the ALJ did not consider Plaintiff's limited near acuity when making

4

the RFC determination.² The ALJ gave great weight to the opinions of Dr. Wellons and Dr. Ballard, who both opined that Plaintiff could perform light exertion with a limitation to jobs that do not require excellent vision. The ALJ also noted Dr. Doyle's report that Plaintiff had uncorrected 20/60 in her right eye and 20/70 vision in her left eye and of Plaintiff's various diagnoses of cataracts and glaucoma. The ALJ further noted that several of the physicians who examined Plaintiff opined that she had no difficulty maneuvering around their offices. The ALJ also considered Plaintiff's testimony about her ability to function in her personal life. Plaintiff reported that she had no problems with personal care and doing chores around the house, including laundry, sweeping, and mopping. She stated that one of her hobbies was watching television with her husband. She also reported that she cared for her husband; that she fed, watered, and played with her pets; and that she prepared simple meals. Therefore, the Court finds that the ALJ considered Plaintiff's limited vision in making the RFC determination and that there is substantial evidence in the record supporting the ALJ's decision.

Plaintiff also argues that the ALJ's RFC is flawed because she did not identify the amount of walking, standing, or sitting Plaintiff could perform before finding that Plaintiff could perform light work.³ The ALJ gave moderate weight to the opinion of Dr. Irons. In June of 2016, Dr. Irons performed a General Physical Examination on Plaintiff, where he found that Plaintiff did not have any physical limitations. The ALJ also considered Plaintiff's subjective complaints about her ability to sit, stand, and lift. Finally, the ALJ also took Plaintiff's obesity into account when determining that Plaintiff could perform light work with limitations. Consequently, the Court finds that the ALJ

---

² Near acuity is defined as clarity of vision at 20 inches or less. *Quick Reference Guide for Medical and Vocational Evaluation*, Social Security Administration, https://secure.ssa.gov/poms.nsf/lnx/0425001001 (last visited February 14, 2020).
³ Social Security regulations define light work as "involv[ing] lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors." 20 C.F.R. § 404.1567.

considered Plaintiff's physical limitations in making the RFC determination and that there is substantial evidence in the record supporting the ALJ's decision.

Accordingly, the Court overrules Plaintiff's objection.

B. **The ALJ's RFC as to Plaintiff's Mental Impairments**

Plaintiff argues that the ALJ's RFC determination as to Plaintiff's mental impairments is not supported by substantial evidence because although the ALJ gave great weight to Dr. Santulli's opinion, the ALJ did not include all of the limitations set forth by Dr. Santulli in determining the RFC.

If the RFC conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. *See McCadney v. Astrue*, 519 F.3d 764, 767 (8th Cir. 2008). Failure to explain why parts of the RFC are inconsistent with a medical opinion constitutes reversible error. *Crews-Cline v. Colvin*, No. 4:13-CV-00723-NKL, 2014 WL 2828894 (W.D. Mo. June 23, 2014).

Judge Wiedemann considered this argument in the Report and Recommendation and found that the ALJ explained any inconsistencies between Dr. Santulli's opinion and the RFC by citing to other evidence in the record, including Dr. Josef's opinion, and the opinions of Plaintiff's treating physicians at Quapaw House and Therapeutic Family Services. Upon review, the Court agrees with Judge Wiedemann that any inconsistencies between Dr. Santulli's opinion and the RFC are explained by other evidence relied on and cited to by the ALJ in making her determination. Therefore, Court finds that substantial evidence supports the ALJ's RFC determination as to Plaintiff's mental impairments.

Accordingly, Plaintiff's objection is overruled.

C. **Hypothetical Question to the Vocational Expert**

Finally, the Court addresses Plaintiff's argument that because the ALJ's RFC determination was flawed, the hypothetical question to the vocational expert is necessarily flawed, resulting in erroneous conclusions by the ALJ.

6

As discussed above, the Court has found no reversible error in the ALJ's RFC determination. Accordingly, any questions posed to the vocational expert by the ALJ are not "necessarily flawed," and the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusions in this case.

**CONCLUSION**

For the foregoing reasons, based on its own *de novo* review, the Court overrules Plaintiff's objections and adopts the Report and Recommendation (ECF No. 17) *in toto*. The ALJ's decision in this matter is hereby **AFFIMRED**. Accordingly, Plaintiff's case is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 19th day of February, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge